LeBLANC, Judge.
This is an appeal from a decision of the Civil Service Commission denying appellants’ requests for additional salary step increases for certain types of prior employment.
On August 3, 1982, a large number of formerly unclassified positions in the Louisiana Department of Education were declared to be classified civil service positions as of that date. Civil Service Rule 6.28(a)l was used to determine the proper salary level for those employees whose positions *484 were changed from unclassified to classified positions. This rule provides, in pertinent part, as follows:
a. Employees entering the classified service because their positions have been declared to be in the Classified Service shall have their pay established as follows:
1. On or before the date of appointment, the Director shall establish the employee’s eligibility for pay at the step in the range for the class to which his position has been allocated for which he would have attained eligibility ... had his position been in the State Classified service during his prior service ...
(emphasis added)
The effect of this rule is to give previously unclassified employees credit for salary purposes for prior state service as though the prior service had been in a classified position.
On January 19, 1984, the Department of Education requested that additional step increases be granted to several of its employees under Civil Service Rule 6.16, based on their prior educational (teaching, administrative and/or supervisory) experience. At a meeting on February 7, 1984, the Commission denied this request, but indicated that the employees might be eligible for additional step increases under Rule 6.28(a)1 for “prior service” to the State as school administrators, supervisors or teachers. The Commission issued the following advisory opinion[1] delineating what could be considered “prior service” under Rule 6.28(a)l with respect to these employees.
[T]he Commission unanimously adopted a Motion whereby it agreed to recognize employment in schools of Parish and City School Boards and in parochial and private elementary and high schools in the State as constituting prior service that may be considered under Rule 6.28(a)l for establishment of pay step eligibilities, subject to the following conditions:
—This service applies only to those employees whose positions were converted from unclassified to classified positions in the Department of Education on August 3, 1982, and
—The prior employment must have been as a teacher, administrator or supervisor with any Louisiana Parish or City School Board, or of a State approved private or parochial elementary or high school within the State, and
—The employee must have held a valid Louisiana Teaching Certificate during the period being counted.
Subsequently, a number of employees who did not meet these criteria filed appeals alleging discrimination because they did not receive credit for prior experience similar to the experience of other employees who did receive credit. These appeals were consolidated and a public hearing was held on March 10, 1987. The Commission issued its opinion on September 23, 1987, granting some of the appeals and denying others, either in whole or in part.
In deciding the appeals of those seeking credit for prior employment as school administrators, supervisors or teachers, the Commission utilized the same criteria outlined in its earlier advisory opinion. However, in considering the appeals of several employees seeking credit for previous employment in the field of nutrition, the Commission noted that its earlier opinion was not directed to these employees. The Commission therefore set forth the following criteria for receiving “prior service” credit in the field of nutrition under Rule 6.28(a)l.
1. The prior service must have been as a dietition or nutritionist or a teacher of dietetics or nutrition in or with any of the following .entities:
a) Any public school, college or university within the state of Louisiana;
*485 b) any state approved private or parochial elementary or secondary school within the state of Louisiana;
c) any Parish or City School Board within the state of Louisiana;
d) any private college or university within the state of Louisiana in a position which required certification by a board, agency or other entity of the state of Louisiana.
2. The employee must have held a valid certificate as a Child Nutrition Program Supervisor issued by the State Department of Education during the period being counted.
Twelve employees who failed to meet the applicable criteria of step increases under the Commission interpretation of Rule 6.28(a)l have appealed. These appellants fall into three categories: 1) employees ineligible for additional credit because their prior employment as school administrators, supervisors or teachers was not for the State of Louisiana; 2) employees ineligible for additional credit because they were hired after August 3,1982; and, 3) employees ineligible for additional credit because they had not been issued a Child Nutrition Program Supervisor (C.N.P.S.) certificate by the Department of Education. All appellants argue they have been discriminated against on a non-merit basis in violation of their rights to equal protection.
LAW
Both the federal and state constitutions guarantee the right to equal protection of the laws. U.S.Const.Amend XIV; La. Const. Art. 1, § 3 (1974). This right applies to every kind of state action, whether by law or by rules of a state administrative agency. Clark v. State, 434 So.2d 1276 (La.App. 1st Cir.), writ denied, 440 So.2d 152 (1983). Generally, the right to equal protection requires that state laws or administrative rules affect all persons similarly situated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); Clark, supra.
When examining a law under the federal Equal Protection Clause, the general rule is that a law is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. City of Cleburne, supra. However, if a law disadvantages a suspect class or infringes upon a constitutionally protected fundamental right, the law is subject to strict scrutiny and will be sustained only if the classification is necessary to accomplish a compelling state interest. Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 106 S.Ct. 2317, 90 L.Ed.2d 899 (1986); City of Cleburne, supra.
In Sibley v. Bd. of Sup’rs of Louisiana State U., 477 So.2d 1094 (La.1985), the Louisiana Supreme Court outlined the scope of equal protection afforded by the Louisiana Constitution as follows:
Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest. With the adoption of these guarantees Louisiana moved from a position of having no equal protection clause to that of having three provisions going beyond the decisional law construing the Fourteenth Amendment.
(footnotes omitted) 477 So.2d at 1107-1108
The appellants in each of the three categories listed above will be considered separately.
CATEGORY I
The employees in this group contend their right to travel has been infring *486 ed because they were denied additional salary credit for educational experience which, except for the fact that it was obtained in states other than Louisiana, is the same or similar to that of other employees who were given additional step increases. Appellants maintain that Rule 6.28(a)l, as interpreted by the Commission, is subject to strict judicial scrutiny because it infringes upon their constitutionally protected right to travel.
The right to interstate travel is a fundamental right under the U.S. Constitution. Soto-Lopez, supra. In Soto-Lopez, the Supreme Court held that a state law implicates the right to travel if: 1) it actually deters such travel, 2) its primary objective is to impede travel, or, 3) it utilizes a classification “which serves to penalize the exercise of that right.” Soto-Lopez 106 S.Ct. at 2321. Any state law infringing upon the right to travel is subject to strict judicial scrutiny. Id.
In the present case there is no indication that the rule in question was either intended to or actually did deter travel to Louisiana from other states. Nor do we find that it penalizes interstate travel to this state. The crucial distinction the Commission made under Rule 6.28(a)l is not contingent upon residency or length of residency in Louisiana, but whether the prior employment was considered to be service to the state of Louisiana. Thus, appellants herein were not denied additional step increases because their prior employment was outside the state of Louisiana, but because their prior employment was not for the state of Louisiana. Any effect this rule might have upon the right to travel is far too attenuated to be considered a penalty upon the right to interstate travel.
Accordingly, since we have concluded that the classification at issue involves no “suspect class” or fundamental right, it will pass constitutional muster under the 14th Amendment if it is rationally related to any legitimate state purpose. Further, since this classification is not based on any of the grounds enumerated in La.Const. Art. 1, § 3 (race, religious beliefs, birth, age, sex, culture, physical condition, political ideas or affiliations), it must be upheld unless it is unreasonable or does not further any appropriate state interest. Sib-ley, supra. These two standards are quite similar.
In its opinion the Commission stated that the purpose of allowing additional step increases to previously unclassified employees under Rule 6.28(a) was “to promote career employment by rewarding prior service to the State of Louisiana.” The Commission observed that the continued employment of career civil servants helps to promote the quality of the state services rendered because of the prior experience of these employees. Thus, those employees of the Department of Education with prior service within the Louisiana educational system can be expected to be much more knowledgeable about that system than persons who had no such prior service.
For the above reasons, we conclude that the classifications created by Rule 6.28(a)l, as interpreted by the Commission, are reasonably related to the legitimate governmental purpose of promoting career civil service employment and thus, do not imper-missably discriminate against appellants or violate their equal protection rights under either the U.S. or the Louisiana Constitutions.[2]
CATEGORY 2
The appellants in this group contend they were denied additional step increases simply because they were hired after August 3, 1982. Their position is that they have been discriminated against and their rights to equal protection have been violat *487 ed because other employees with the same type of previous employment, but who were hired before August 3, 1982, were given additional step increases.
Appellants’ argument is without merit. The right to equal protection applies to groups that are similarly situated. See, Clark v. State, supra. The appellants in this group are not situated similarly to those employees who were hired prior to August 3, 1982.
This date was not one which was chosen arbitrarily by the Commission. As of that date all employees, including appellants, were offered and knowingly accepted classified civil service positions within the Department of Education which were subject to the civil service uniform pay plan, as well as all other civil service rules and regulations. In contrast, those employees hired before August 3,1982, were hired for unclassified positions which were not subject to the uniform pay plan or civil service rules. These positions were then involuntarily declared to be classified positions as of August 3, 1982. In view of this crucial distinction, it is clear that appellants are not truly situated similarly to the group of employees hired before this date.
CATEGORY 3
The arguments made by the appellants in this group are confusing. Initially, they complain of the requirement that a person seeking additional step increases under Rule 6.28(a)l in the field of nutrition must have a C.N.P.S. certificate. They contend there is no basis for this requirement, particularly since this certificate is not required for employment in public, private or parochial schools. However, at another point, they argue that they were denied step increases because they lacked a Louisiana Teaching Certificate, which they allege was not a requirement rationally related to their work in the field of nutrition.
From our review of the Commission’s opinion, it is clear that a teaching certificate is not a prerequisite for obtaining additional step increases in the field of nutrition. Appellants’ confusion may arise from the fact that in summarizing its holdings, the Commission combined the two sets of criteria it established earlier in the opinion into one list of requirements. In summarizing one of these requirements, the opinion states that an employee must have a “valid Louisiana Teaching Certificate or a valid certificate as a Child Nutrition Program Supervisor....” However, in view of the specific criteria earlier established, and reading the opinion as a whole, it is obvious that the former alternative applies to those seeking credit for prior teaching, administrative or supervisory employment, while the latter alternative applies to those seeking credit for prior employment in the field of nutrition.
Further, appellants’ argument that there is no rational basis for the requirement of a C.N.P.S. certificate is totally unsupported. Appellants have failed to even establish the criteria for obtaining such a certificate. The fact that this certificate is not required for employment in Louisiana schools is of little relevancy. There is no prohibition against the Commission setting standards higher than the minimum necessary for employment in Louisiana schools, as long as the standards are not arbitrary and are not applied in a discriminatory manner.
Appellants have not established that they were treated any differently than any other employees seeking step increases under Rule 6.28(a)l. For instance, those employees seeking step increases in the categories already discussed were required to be certified, as evidenced by a teaching certificate in order to obtain credit for prior service in teaching, administrative or supervisory positions. The C.N.P.S. certificate in effect serves the same purpose as the teaching certificate. It ensures that certain minimum qualifications are met by those possessing the certificate.
On its face the requirement of a C.N.P.S. certificate appears rationally related to the legitimate goal of encouraging those employees who meet certain standards to continue their employment with the state. Appellants, who bear the burden of establishing the unconstitutionality of the Commis *488 sion’s rule have failed to prove otherwise. Appellants’ arguments are without merit.
CONCLUSION
For the above reasons, we conclude appellants have failed to establish that they have been discriminated against or that their rights to equal protection have been violated. The opinion of the Commission is affirmed. Appellants are to bear all costs of appeal.
AFFIRMED.

. The Commission later amended the criteria delineated in the advisory opinion to provide that persons who had previously worked in a private university or college were also eligible for additional step increases if they had worked in a position that required certification by a board, agency, or other entity of the State, if they held a Louisiana teacher’s certificate during that period and if their previously unclassified position in the Department of Education was changed to a classified position on August 3, 1982.

. Appellants also argue that they have been discriminated against in violation of the Commission’s own rules. Civil Service Rule 1.14.1 defines discrimination as follows:
Discrimination means consideration of religious or political benefits, sex, race, or any other nonmerit factors.
Appellants maintain that there are no merit factors justifying the requirements set by the Commission for receiving additional step increases. We disagree for the reasons given above.